UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MATTHEW JAMES ROPER                                    CIVIL ACTION

VERSUS                                                 NO. 10-341

JACK STRAIN, ST. TAMMANY PARISH JAIL                   SECTION: "B"(3)

REPORT AND RECOMMENDATION

Plaintiff, Matthew James Roper, a state prisoner, filed this *pro se* complaint against St. Tammany Parish Sheriff Jack Strain. This lawsuit was originally filed in the United States District Court for the Middle District of Louisiana; however, the matter was subsequently transferred to this Court.

In this lawsuit, plaintiff challenges the conditions of his prior confinement at the St. Tammany Parish Jail. Specifically, he claims that he was placed in a holding cell for seven days without a bed, blankets, or access to a shower. He further claims that, upon being transferred to a regular cell, he found that cell to be unsanitary, with unclean and improperly working toilets and a moldy shower. Lastly, he complains that juice was distributed to inmates in an unsanitary manner. He speculates that these unsanitary conditions caused him to contract a staph infection.

I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the Court nevertheless finds that, for the following reasons, the complaint should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

## II. Sheriff Jack Strain

The sole defendant named in this lawsuit is St. Tammany Parish Sheriff Jack Strain.[2] However, plaintiff states no claim against Strain in the complaint.

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2] When originally docketing this matter, the Clerk of the Middle District also listed the "St. Tammany Parish Jail" as a defendant. That appears to have been an error which the Clerk of this Court has since corrected. Nevertheless, in the event that plaintiff did intend to name the St. Tammany Parish Jail as a defendant, the undersigned notes that any claim against the jail would also be subject to immediate dismissal. The St. Tammany Parish Jail is a building, not a "person" subject to suit under § 1983. Miller v. St. Tammany Parish Jail, Civ. Action No. 08-4694, 2008 WL 5111146, at *2 n.3 (E.D. La. Dec. 4, 2008); Williamson v. Louisiana, Civ. Action No. 08-4598, 2008 WL 5082911, at *3 (E.D. La. Nov. 24, 2008); Smith v. St. Tammany Parish Sheriff's Office, Civ. Action No. 07-3525, 2008 WL 347801, at *2 (E.D. La. Feb. 6, 2008).

Clearly, no individual-capacity claim has been stated against Sheriff Strain. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Additionally, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Here, plaintiff makes no allegations whatsoever against Sheriff Strain or his personal involvement in the conditions about which plaintiff complains. Moreover, Sheriff Strain cannot be held vicariously liable for the actions of his subordinates pursuant to 42 U.S.C. § 1983. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability.").

Plaintiff also has not stated an official-capacity claim against Sheriff Strain. "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against Sheriff Strain would in reality be a claim against the local governmental entity he serves, i.e. the St. Tammany Parish Sheriff's Office. The United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff does not allege that his constitutional rights were violated as a result of a policy or custom, much less identify such a policy or custom.

In any event, out of an abundance of caution, the Court also notes that, even if plaintiff had named a proper defendant, his claims would still fail for the following additional reasons.

### III. Injunctive Relief

As part of his prayer for relief, plaintiff states that he wants "for this matter to be fixed so no one has to go through what I've went through ...."[3] To the extent that this statement is broadly construed as a request for injunctive relief, that form of relief is not available in this case because plaintiff is no longer incarcerated at the St. Tammany Parish Jail. His transfer to another facility rendered moot any request for injunctive relief. Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001); see also Smith v. City of Tupelo, Mississippi, 281 Fed. App'x 279, 282 (5th Cir. 2008).

---

[3] Rec. Doc. 1, p. 5.

IV.  Plaintiff's Claims

A.  Conditions of the Holding Cell

As noted, plaintiff claims that he was placed in a holding cell for seven days without a bed, blankets, or access to a shower.  However, the denial of mattresses or bedding for such brief periods of time does not rise to the level of a constitutional violation.  McAllister v. Strain, Civ. Action No. 08-5174, 2009 WL 500560, at *2-3 (E.D. La. Feb. 25, 2009); Desroche v. Strain, 507 F.Supp.2d 571, 580-81 (E.D. La. 2007); see also Phillips v. East, 81 Fed. App'x 483, 485 (5th Cir. 2003); Hunt v. Lee County Sheriff's Department, No. 1:08CV284, 2009 WL 4505890, at *4 (N.D. Miss. 2009). As to the allegation that he was denied access to a shower for seven days, that claim fares no better. Even if that occurred, it was merely a brief deprivation which would not violate the Constitution. See McAllister, 2009 WL 500560, at *3 (denial of shower for seven-day period did not amount to a constitutional violation); see also Hamilton v. Lyons, 74 F.3d 99, 106 n.8 (5th Cir. 1996) (denial of a shower for a three-day period did not rise to the level of a constitutional deprivation); Holloway v. Gunnell, 685 F.2d 150, 156 n.6 (5th Cir. 1982) ("A number of courts have held that one or two showers a week is sufficient to satisfy constitutional requirements.").

B.  Cell Conditions

Plaintiff next claims that, once he was placed in a regular cell, he found that cell to be unsanitary.  Clearly, there is a point beyond which a prison cell's conditions are so unsanitary as to render them unconstitutional.  See, e.g., Gates v. Cook, 376 F.3d 323, 338 (5th Cir. 2004) (confinement in "'extremely filthy' [cells] with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls" was unconstitutional).  However, the

conditions alleged by plaintiff simply do not rise to that level, and the Court notes that much more egregious conditions have been found to be constitutional. See, e.g., Davis v. Scott, 157 F.3d 1003 (5th Cir. 1998) (no constitutional violation found where prisoner alleged that he was housed for three days in a "filthy" cell with "blood on the walls and excretion on the floors"); Smith v. Copeland, 87 F.3d 265, 268-69 (8th Cir. 1996) (prisoner who was housed for four days in cell with raw sewage from an overflowing toilet failed to state a constitutional claim).

### C. Juice Distribution

Lastly, plaintiff complains that juice is distributed to prisoners in an unsanitary manner. Specifically, he alleges: "I also witness during feed up, the way the feed up crew drag the juice container on the floor into every dorm, an[d] place the picther [sic] they pour the juice with on the cart where they put the container they just pulled on the floor." That allegation, even if true, simply does not rise to the level of a constitutional violation. See, e.g., Wilkerson v. Champagne, Civ. Action No. 03-1754, 2003 WL 22872106, at *2 (E.D. La. Nov. 28, 2003).

In summary, with respect to all plaintiff's claims, this Court does not doubt that conditions at the St. Tammany Parish Jail, or at any such correctional facility, can be unpleasant and uncomfortable. However, that fact alone does not render the conditions *unconstitutional*. See Talib v. Gilley, 138 F.3d 211, 215 (5th Cir. 1998) ("[T]he Constitution does not mandate prisons with comfortable surroundings or commodious conditions."); Wilson v. Lynaugh, 878 F.2d 846, 849 & n.5 (5th Cir. 1989) (noting that the Constitution does not protect prisoners from "discomfort and inconvenience" and that prisoners "cannot expect the amenities, conveniences, and services of a good hotel").

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this seventeenth day of February, 2010.

 

 

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.